UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00619-GNS

MICHAEL JOHN GREEN                                                                                PLAINTIFF

v.

EDITH FRICK HALBLEIB, et al.                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss (DN 6, 8), and Defendant's Motion to Supplement (DN 9). The motions are ripe for adjudication. For the reasons set forth below, Defendants' motions are **GRANTED**.

### I.     BACKGROUND

American Tax Funding, LLC ("ATF") filed suit in Jefferson Circuit Court in 2008 to foreclose a tax lien it held on Plaintiff Michael Green's ("Plaintiff") real property. (Def. Halbleib's Mem. Supp. Mot. Dismiss Ex. 1, DN 8-2 [hereinafter State Court Docket]).[1] Plaintiff attempted to delay the sale of his property by filing five bankruptcy petitions and initiating multiple federal lawsuits against various individuals—including Defendants in this action, James Ballinger ("Ballinger"), an attorney representing ATF, and Edith Halbleib ("Halbleib"), the Jefferson County Master Commissioner (collectively "Defendants")—but his property was ultimately sold at a master commissioner sale. *See, e.g.*, *In re Green*, No. 16-33165-THF (Bankr. W.D. Ky. Jan 6, 2017); *Green v. Edwards*, No. 3:12-cv-358-S (W.D. Ky. Aug. 3, 2012). One of the lawsuits Plaintiff filed against Ballinger is currently pending before another judge in

---

[1] The Court may rely on public records in reviewing the sufficiency of a complaint. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

the Western District of Kentucky. *See* Complaint at 1, *Green v. Bornstein*, No. 3:17-cv-00201-DJH-DW (W.D. Ky. Apr. 4, 2017) (DN 1).

Once his property was sold, Plaintiff brought the instant *pro se* action. Though not entirely clear, the Complaint appears to challenge the state court's judgment regarding the sale of his property and to allege that Defendants' conduct throughout the foreclosure proceedings violated his Fifth and Fourteenth Amendment substantive due process rights. (*See* Compl. 1-4, DN 1). For instance, he claims that the purpose of his suit "to show [that Defendants used] illegal tactics to achieve a false judgment . . . ." (Compl. 1). He further alleges that Halbleib took various illegal actions such as using information concerning "child arearment [*sic*] payments with involvement with children [*sic*]" during the proceedings and making him wait "fifteen minutes" before beginning a scheduled meeting. (Compl. 1-4).

Defendants moved to dismiss the Complaint. (Def. Halbleib's Mem. Supp. Mot. Dismiss 4-6, DN 8-1 [hereinafter Def. Halbleib's Mot. Dismiss]; Def. Ballinger's Mot. Dismiss 1-4, DN 6). Further, by separate motion, Ballinger asked the Court to sanction Plaintiff for continually filing frivolous lawsuits against him by dismissing the Complaint with prejudice. (Def. Ballinger's Mot. Dismiss 9-10). Defendants' motions are ripe for adjudication.

## II.     JURISDICTION

This action arises under the laws of the United States, and this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III.     DISCUSSION

### A.     Motion to Dismiss

Defendants move to dismiss the Complaint on the grounds that: (1) pursuant to the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to entertain it; and (2) it fails to state a

claim on which relief can be granted. (Def. Halbleib's Mot. Dismiss 4-6; Def. Ballinger's Mot. Dismiss 1-4). The Court will address each argument in turn.

### 1. *Rooker-Feldman Doctrine*

Defendants argue that, pursuant to the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to hear the Complaint. The *Rooker-Feldman* doctrine provides that federal district courts lack subject-matter jurisdiction to review state court decisions and orders. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In assessing the doctrine's applicability, courts determine whether the federal claim is inextricably intertwined with the state court judgment—i.e., whether "the federal claim succeeds only to the extent that the state court wrongfully decided the issues before it." *Hutcherson v. Lauderdale Cty.*, 326 F.3d 747, 756 (6th Cir. 2003) (citation omitted).

Here, the Complaint appears—at least at times—to challenge the state court judgment.[2] For example, it states that the purpose of this action is "to correct the false judgment against Plaintiff . . . ." (Compl. 1). In addition, the Complaint appears to take issue with certain of the Master Commissioner's decisions throughout the foreclosure proceedings, including the determination whether the statute of limitations precluded the sale. (*See* Compl. 2 (alleging that Halbleib committed error when she ignored "proof of legal statutes of limitations [*sic*]")). As a result, to the extent Plaintiff is challenging state court decisions and orders related to his foreclosure proceedings *rather than* Defendants' alleged misconduct *throughout* said proceedings, this Court lacks jurisdiction to hear it. *See Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010) (noting that *Rooker-Feldman* does

---

[2] Plaintiff's vague allegations make it difficult to tell exactly what he is challenging.

not deprive courts of jurisdiction to hear claims related to state court proceedings when the source of the alleged injury arises from some conduct independent of the judgment itself).

### 2. *Failure to State a Claim*

Defendants also argue that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks and citation omitted). When assessing a claim's plausibility, the Court must assume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party, but need not assume the truth of legal conclusions. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). A claim is plausible when the complaint "contain[s] direct or inferential allegations respecting all" of the claim's elements; on the other hand, a claim is implausible when the complaint simply recites the claim's elements. *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

The Court agrees that the Complaint fails to state a plausible claim for a violation of Plaintiff's substantive due process rights. To establish a violation of substantive due process, a plaintiff must allege facts showing that the defendant deprived him of a "protected liberty or property interest" in a manner that "contravene[s] the notions of due process." *Wojcik v. City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001) (citations omitted). In his Complaint, however, Plaintiff has only asserts vague complaints about specific instances of Defendants' conduct, none of which appear to have deprived him of a liberty or property interest. For instance, although the

4

Complaint charges Halbleib with allegedly using information related to his "child arearment [*sic*] payments" in the course of the foreclosure proceedings, he fails to indicate how the use of such information deprived him of due process. (Compl. 2). Similarly, while Plaintiff alleges that Halbleib "avoid[ed] federal civil suits delivered to her in person," he does not identify what suits she avoided, how she avoided them, or a resulting injury. (Compl. 2). With respect to claims against Ballinger, the Complaint appears to only allege that "Ballinger (Defendant) has lied in court . . . ." (Compl. 3). None these allegations—nor any of the others contained in the Complaint—state a claim on which relief can be granted.

### B. Ballinger's Motion for Sanctions

In his motion, Ballinger asks the Court to sanction Plaintiff by dismissing the Complaint with prejudice. To support his position, Ballinger notes that Plaintiff has filed a number of frivolous lawsuits against him based on the foreclosure proceedings—including one that is currently pending in this district—and that Ballinger "should not be required to expend his time and resources [defending] frivolous case after frivolous case." (Def. Ballinger's Mot. Dismiss 9).

The Sixth Circuit has held that "a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction . . . ." *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 298 (6th Cir. 2001) (quoting *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1091 (D.C. Cir. 1998)). Such a remedy is appropriate to prevent abuse of the legal process and to "protect the orderly administration of justice and to maintain the authority and dignity of the court . . . ." *Id.*

The Court will dismiss the Complaint with prejudice. Plaintiff has now filed three separate lawsuits related to his foreclosure proceedings in—and attempted to remove one state-

court suit to—federal court. Except for the one currently pending, each action has been dismissed on the ground that it raised implausible and frivolous claims. *See Green v. Bornstein*, No. 3:17-CV-201-DJH-DW, 2017 WL 4875280 (W.D. Ky. Oct. 26, 2017); *Green v. Bornstein*, No. 3:17-cv-00201-DJH (W.D. Ky. filed Apr. 4, 2017); *Am. Tax Funding, LLC v. Green*, No. 3:16-CV-00013-TBR, 2016 U.S. Dist. LEXIS 33771, at *3-4 (W.D. Ky. Mar. 16, 2016) (remanding suit brought by ATF against Plaintiff in state court); *Green v. Ballinger*, No. 3:15-CV-178-JGH, 2015 WL 1401404, at *2 (W.D. Ky. Mar. 25, 2015) (dismissing claims against Ballinger related to the foreclosure proceedings for lack of subject-matter jurisdiction). Plaintiff's conduct is interfering with the administration of justice, and dismissal of the Complaint with prejudice is therefore warranted.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motions to Dismiss (DN 6, 8) are **GRANTED**, and Plaintiff's Complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

2. Defendant's Motion to Supplement (DN 9) is **GRANTED**.

3. Plaintiff's Motion for Miscellaneous Relief (DN 18) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
April 27, 2018

cc:   counsel of record
      Michael John Green, *pro se*